IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos. 3:20cr40/TKW/MAF
 3:22cv8280/TKW/MAF

DEMONTE EASLEY

___

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." ECF No. 550. After review of the record, the court concludes that the motion should be dismissed without prejudice to its reassertion, if appropriate, upon the conclusion of Defendant's direct appeal.

Defendant was sentenced to a term of 360 months' imprisonment after his conviction on drug trafficking charges. Judgment was entered on August 3, 2021. ECF No. 404. Defendant, through counsel, timely filed a notice of appeal. ECF No. 407. Counsel moved to withdraw, and the court appointed Sheryl Joyce Lowenthal, Esq. to represent Defendant. ECF No. 431. Defendant states on the § 2255 form that he did not file an appeal. ECF No. 550 at 2. However, the undersigned has confirmed that

Defendant's appeal, assigned Eleventh Circuit Case 21-12695, remains pending. The last docket entry in that case is an order dated June 7, 2022 granting Defendant/Appellant an additional thirty days to file a response to appellate counsel's *Anders* brief and motion to withdraw as counsel.

Because Defendant's judgment and conviction are not final, this court lacks jurisdiction to consider and rule on the § 2255 motion, or to "take any action with regard to the matter except in aid of the appeal." *United States v. Diveroli*, 729 F. 3d 1339, 1342 (11th Cir. 2013) (citation omitted); *United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir. 2001); *United States v. Khoury*, 901 F. 2d 975, 976 (11th Cir. 1990); *Blair v. United States,* 527 F. App'x 838, 839 (11th Cir. 2013) ("[i]n the absence of extraordinary circumstances, a district court does not have jurisdiction to consider or rule on a § 2255 motion during the pendency of a direct appeal of the underlying criminal conviction or sentence."); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot.") The instant motion

should be dismissed without prejudice to its reassertion, if appropriate, after Defendant's pursuit of direct review has concluded.[1]

Defendant has also filed a motion to proceed in forma pauperis. ECF No. 551. Even if Defendant's § 2255 motion were not subject to dismissal, no filing fee is required for motions filed pursuant to 28 U.S.C. § 2255. Therefore, Defendant's motion is denied as moot.

Accordingly, it is **ORDERED**:

Defendant's motion for leave to proceed in forma pauperis (ECF No. 551) is **DENIED.**

And, it is respectfully **RECOMMENDED:**

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 550) be **DISMISSED without prejudice.**

At Tallahassee, Florida, this 16th day of June, 2022.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Defendant is advised that dismissal of the instant motion **will not** prevent him from later seeking collateral review if his direct appeal is unsuccessful. He will be constrained only by the limitations period set forth in 28 U.S.C. § 2255.

Case Nos.: 3:20cr40/TKW/MAF; 3:20cv8280/TKW/MAF

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:20cr40/TKW/MAF; 3:20cv8280/TKW/MAF