[DO NOT PUBLISH]

# In the United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12695

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                           Plaintiff-Appellee,

versus

DEMONTE EASLEY,

                                           Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cr-00040-TKW-5

_____

Case 3:20-cr-00040-TKW-MAF   Document 564   Filed 02/09/23   Page 2 of 5
USCA11 Case: 21-12695   Document: 47-1   Date Filed: 02/09/2023   Page: 2 of 3

2                        Opinion of the Court                  21-12695

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

  Sheryl Lowenthal, appointed counsel for Demonte Easley on direct criminal appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, we grant counsel's motion to withdraw and affirm Easley's convictions and sentences.

  In coming to this conclusion, we have considered Mr. Easley's response to his counsel's motion to withdraw. The problem for Mr. Easley is that we have held that possession of a controlled substance with intent to distribute in violation of Fla. Stat. § 893.13 constitutes a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) (defining a "serious drug offense" in part as an offense under state law "involving manufacturing, distributing, or possession with intent to manufacture or distribute a controlled substance"). *See United States v. Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014); *United States v. Jackson*, 55 F.4th 846, 861-62 (11th Cir. 2022). And, as we noted in *Jackson*, the Supreme Court has affirmed one of our decisions holding that a conviction under § 893.13 is a "serious drug offense." *See Shular v. United States*, 140 S.Ct. 779, 784, 787 (2020). Mr. Easley's prior convictions under § 893.13 for distribution of crack cocaine within 1,000 feet of a place of worship and for

Case 3:20-cr-00040-TKW-MAF   Document 564   Filed 02/09/23   Page 3 of 5
USCA11 Case: 21-12695   Document: 47-1   Date Filed: 02/09/2023   Page: 3 of 3

21-12695            Opinion of the Court            3

possession of crack cocaine with intent to distribute therefore constituted ACCA predicate offenses.

Although we grant the motion to withdraw and affirm Easley's convictions and sentences, there is a clerical error in his final judgment of conviction. We may *sua sponte* raise the issue of a clerical error in a judgment and remand with instructions to correct the error. *See United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006). The superseding indictment and Easley's plea agreement state in Count 1 that Easley violated 21 U.S.C. § 846 by conspiring to possess with intent to distribute controlled substances. However, the district court lists 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(B)(i), as the statutes of conviction on Count 1. Section 846 punishes conspiracy to possess with intent to distribute controlled substances, and the district court's omission of a citation to it appears to be a clerical error. Thus, we remand to the district court with instructions to amend the judgment of conviction to correct the clerical error.

Motion to withdraw **GRANTED**, convictions and sentences **AFFIRMED**, and **REMANDED** for the limited purpose of correcting the judgment.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 09, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-12695-GG
Case Style: USA v. Demonte Easley
District Court Docket No: 3:20-cr-00040-TKW-5

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | |
|---|---|
| General Information | 404-335-6100 |
| New / Before Briefing Cases | 404-335-6135 |
| Cases in Briefing / After Opinion | 404-335-6130 |
| Cases Set for Oral Argument | 404-335-6141 |
| Capital Cases | 404-335-6200 |
| Attorney Admissions | 404-335-6122 |
| CM/ECF Help Desk | 404-335-6125 |

OPIN-1 Ntc of Issuance of Opinion